91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jesus ESTRADA, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3004.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided July 12, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Jesus Estrada, Jr., pro se, seeks to overturn his sentence for federal drug offenses through a motion pursuant to 28 U.S.C. § 2255. Arguing that a previous forfeiture of his assets also constituted punishment, he contends that his prison sentence is an improper second punishment, violating the Double Jeopardy Clause of the Fifth Amendment. The district denied the petition, ruling that Estrada failed to establish cause and prejudice for not making this claim on direct appeal.[1] We affirm on different grounds.
 
 
 2
 Estrada is not challenging his guilty plea or his sentence with his double jeopardy claim. Rather, it is a belatedly asserted defense to the underlying drug charges. A guilty plea forecloses such a legal defense, and the defense cannot be revived unless the plea was involuntary. United States v. Broce, 488 U.S. 563, 569 (1989). Because Estrada does not claim that his plea was other than voluntary, we find that he waived his double jeopardy claim when he pleaded guilty. And even if the claim were not waived, the Supreme Court's recent decision in United States v. Ursery, Nos. 95-345/95-346, (U.S. June 24, 1996), established that civil forfeitures like the one in which the government seized Estrada's assets "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at * 16.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Estrada did not take a direct appeal